966 So.2d 459 (2007)
Thomas Perry WELLS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2306.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
Rehearing Denied November 6, 2007.
Thomas Perry Wells, Jr., Perry, pro se.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Thomas Perry Wells, Jr. (Defendant) appeals an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. Defendant was sentenced concurrently to ten years as a habitual felony offender (HFO) for count I, a third degree felony, and to thirty years as a HFO for count II, a first degree felony punishable by life. However, his original written sentencing documents filed February 7, 1997, had the two sentences reversed. On direct appeal, this court remanded to correct the written sentences, Wells v. State, 700 So.2d 803 (Fla. 4th DCA 1997), and they were corrected nunc pro tunc on November 21, 1997. Thereafter, *460 however, his Uniform Commitment to Custody was reissued on January 4, 2002.[1]
Defendant's instant rule 3.850 motion for postconviction relief claimed his current written sentence failed to conform to the sentencing court's oral pronouncement, despite the correction, because the classification department at his institution informed him it had received documentation from the trial court on January 7, 2002, increasing his sentence for count I from ten to thirty years, and decreasing his sentence for count II from thirty to ten years. He assumed that this documentation was sent with the amended commitment papers on January 4, 2002, and that the commitment attached the original sentencing documents, rather than the corrected ones. He asked the trial court to correct the written sentence to conform to the oral pronouncement and to send the department copies of the amended sentences entered on November 21, 1997. The trial court denied the motion and Defendant appealed.
Defendant's written sentence already was corrected, on November 21, 1997. Because he now seeks clarification of his sentence due to correspondence which he received from the department, he must first attempt to rectify any discrepancy through the administrative remedies available to him within the department. After exhausting those remedies, he may, if necessary, seek mandamus relief from the circuit court.
We affirm the order without prejudice to his doing so.
SHAHOOD, C.J., KLEIN and GROSS, JJ., concur.
NOTES
[1] The trial court corrected a clerical mistake in Defendant's judgment forms, correcting his name from Thomas Perry Wells to Thomas Perry Wells, Jr.